UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR10-340 MJP |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| GORDAN DONALD GAZAWAY, | ) | |
| Defendant. | ) | |
| UNITED STATES OF AMERICA, | ) | CASE NO. CR21-074 RSL |
| Plaintiff, | ) | |
| v. | ) | |
| GORDAN DONALD GAZAWAY, | ) | |
| Defendant. | ) | |

There are charges pending against defendant in two separate cases in this court. This order directs that he be detained in each of the cases.

Defendant was sentenced in 2010 for possession of visual depictions of minors engaged in sexually explicit conduct. After serving a term of imprisonment, he began a term of supervised release. He was reprimanded for alcohol use; his computer was removed after

DETENTION ORDER
PAGE -1

he admitted to viewing pornographic material; and when that occurred a second time, the court revoked his term of supervised release, imposed three days of imprisonment, and again imposed a term of supervised release. The USPO now charges him with four recent violations of supervised release, including viewing pornographic material once again, and seeks another revocation. Defendant has denied the alleged violations, and is awaiting an evidentiary hearing.

The Indictment in the recently filed case, CR21-074 RSL, charges defendant with one count of possession of child pornography.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) A presumption of detention applies in the case CR10-340MJP. Where a person is in custody on charges that he has violated conditions of supervised release, "…the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. Proc. 32.1(a)(6). Defendant's showing falls far short of that standard. On the contrary, the record strongly suggests that he has possessed and viewed child pornography over a long period, and is likely to continue to do so.

(2) Defendant also has demonstrated a consistent pattern of failure to comply with supervision rules imposed by the court. The Pretrial Services Office recommends his detention. Defendant would be a very poor risk if released on conditions.

(3) The court should detain him as a danger to others. The government's showing is not sufficient, however, to find that defendant presents a significant flight risk.

(4) Because defendant must be detained in CR10-340 MJP, the issue of detention is moot in CR21-074 RSL, and will remain moot at least until the earlier case is resolved. Should that occur, defendant may raise the detention issue again.

(5) This order should be filed in both cases.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver

the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 10th day of May, 2021.

*John L. Weinberg*
John L. Weinberg
United States Magistrate Judge

DETENTION ORDER
PAGE -4